ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeals of - | ) | |
| | ) | |
| Penna Group, LLC | ) | ASBCA Nos. 61708-ADR, 61641-ADR |
| | ) | 61642-ADR |
| | ) | |
| Under Contract No. W9126G-10-C-0075 | ) | |

APPEARANCES FOR THE APPELLANT:     Bryant S. Banes, Esq.
                                   Sean D. Forbes, Esq.
                                   Robert A. Magnuson, Esq.
                                     Neel, Hooper & Banes, P.C.
                                   Houston, TX

APPEARANCES FOR THE GOVERNMENT:    Michael P. Goodman, Esq.
                                     Engineer Chief Trial Attorney
                                   Jennifer M. Dorsey, Esq.
                                   Blake M. Hedgecock, Esq.
                                     Engineer Trial Attorneys
                                     U.S. Army Engineer District, Fort Worth

OPINION BY ADMINISTRATIVE JUDGE WOODROW

On April 12, 2024, appellant, Penna Group LLC, filed a motion for voluntary dismissal of its appeals. Penna Group represented that the parties had entered into a settlement agreement, dated February 1, 2024, and that, on March 8, 2024, the government had made payment of the settlement amount to Penna's attorney of record, Neel, Hooper & Banes, P.C. Subsequently, on April 16, 2024, the Board dismissed these appeals with prejudice. The full text of the Board's order states: "The dispute has been settled. These appeals are dismissed with prejudice."

On July 17, 2024, the Board received the Receiver's Motion to Vacate Settlement and Reopen Appeal. The motion was filed on behalf of Robert Berleth, the appointed Receiver in Cause No. 153-30479B-18, styled *Alliance Legal Solutions, LLC v. Penna Group, LLC, et al.*, in the 153rd Judicial District Court in Tarrant County, Texas. According to the motion, on January 24, 2023, the 153rd Judicial District Court appointed Mr. Berleth as Receiver over judgment debtors Michael Evangelista-Ysasaga, the Penna Group a/k/a Pana Group, and the Evangelista-Ysasaga Firm, LLP. To underscore an important point, Mr. Berleth is not a *federal* bankruptcy receiver.

In the motion, Mr. Berleth contends that Michael Evangelista-Ysasaga, the owner and representative of appellant, Penna Group, LLC, did not possess the authority to negotiate or sign the settlement agreement on behalf of Penna Group. Mr. Berleth further contends that Mr. Evangelista-Ysasaga did so by concealing the receivership from the Board* and by failing to disclose the settlement negotiations to the receiver. Finally, Mr. Berleth contends, based upon the Judicial District Court's order and undisclosed case law from the Supreme Court of Texas, that the settlement agreement is void.

DECISION

The Board does not possess jurisdiction to grant the relief requested by the receiver, Mr. Berleth. This is because the withdrawal of an appeal, followed by a dismissal of the appeal, without more, results in the Board no longer having jurisdiction over the appeal. *Phoenix Petroleum Co.*, ASBCA No. 45414, 02-1 BCA ¶ 31,835 at 157,285.

*Board Does Not Possess Jurisdiction Over the Settlement Agreement*

The voluntary withdrawal of an appeal by the contractor deprives the Board of jurisdiction and leaves the contractor in the position of not having filed the appeal. *Charles G. Williams Const., Inc.*, ASBCA Nos. 51329, 51637, 99-2 BCA ¶ 30,409 at 150,338 (holding once appeal is dismissed with prejudice it as if the appeal was never brought). The Board's April 16, 2024 dismissal of ASBCA Nos. 61708, 61641, and 61642 dismissed the appeals with prejudice and did not retain jurisdiction to enforce the settlement agreement. Consequently, the Board does not possess jurisdiction to adjudicate disputes concerning the contract at issue here – the private settlement agreement between Penna Group LLC and the United States Army Corps of Engineers. *Id.*

A dismissal order must incorporate the terms of a settlement agreement in order for it to be enforceable in the same action. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994). This is equally true with respect to dismissals of Board appeals. *Erlich Contracting, Inc.*, ASBCA 50867, 02-2 BCA ¶ 31,950 at 157,843-44 (distinguishing a dismissal with prejudice from an enforceable judgment on the merits, such as a decision in the nature of a consent judgment). In this appeal, we dismissed the appeals with prejudice with an order stating "[t]he dispute has been settled. These appeals are dismissed with prejudice." (Bd. Order dtd. April 16, 2024). According to the dismissal order, the Board did not expressly or impliedly retain jurisdiction over the matter or over the terms of the settlement agreement. *Accord Poly Design, Inc.*,

---

* Indeed, the present motion is the first the Board has heard anything about a possible receivership in this matter.

2

ASBCA No. 48591 *et al.*, 01-2 BCA ¶ 31,644 at 156,303 (holding that appellant was not a prevailing party pursuant to the Equal Access to Justice Act, because "[t]he Board did not approve or assume oversight of the settlement or incorporate the terms of the settlement agreement in the order of dismissal"). Therefore, we do not possess jurisdiction to entertain a challenge to the settlement agreement.

*No Third Party Practice Before the Board*

Even if the terms of the Board's dismissal order incorporated the terms of the settlement agreement, the Board does not possess the authority to entertain a third-party challenge to the terms of the settlement agreement. Simply put, the Contract Disputes Act (CDA) does not grant the Board authority to engage in third-party practice. 41 U.S.C. §§ 601 *et seq.*; *Gulf Apparel Corp.*, ASBCA No. 27784, 83-2 BCA ¶ 16,823 at 83,691. As we held in *Bravo Manufacturing, Inc*.:

> It is settled that this Board does not engage in third-party practice and that our rules do not provide for impleading, permissively joining or interpleading third parties as under Fed. R. Civ. P. 14, 20 and 22.

ASBCA No. 45293, 94-3 BCA ¶ 27,236 at 135,718; *see also Thorington Electric*, ASBCA No. 56895, 10-2 BCA ¶ 34,511 at 170,177 (party before the Board other than the government must be a contractor); *Sentry Ins.*, ASBCA No. 21918, 77-2 BCA ¶ 12,721 at 61834 (surety has no standing); *Safeway Moving & Storage Corp.*, ASBCA Nos. 12167, 12401, 68-1 BCA ¶ 6852 at 31,687 (no interpleader at Board).

In *American Export Group International Services, Inc./Zublin Delaware, Inc., JV*, a subcontractor moved to intervene in an appeal as a creditor of the appellant. We denied the motion, holding that the CDA does not authorize third-party intervention before the Board. ASBCA No. 42616, 95-2 BCA ¶ 27,615 at 137,633. In *Leland Stanford Junior University*, ASBCA No. 46971, 95-1 BCA ¶ 27,335 at 136,232, a plaintiff in a *qui tam* suit in Federal District Court against the appellant moved to vacate a settlement agreement between the appellant and the Navy. We held that the CDA does not provide for third-party practice before the Board and the Board lacked jurisdiction to entertain a challenge to the scope or terms of the settlement agreement between the parties. As the Board explained:

> Whether the settlement agreement which led the parties to seek dismissal of the appeals before us also resolved other disputes between the parties or was improper with respect to issues not before us, is not a matter for our consideration. When and if the settlement agreement is held forth in another action as a bar or defense, the forum

3

in which such assertion is made must determine the effect
of the settlement agreement upon the issues before it.

95-1 BCA ¶ 27,335 at 136,233.

Here, it is undisputed that the receiver, Mr. Berleth, is not a contractor and not a party in the appeals. Although Mr. Berleth contends that he stands in the shoes of appellant as appellant's receiver in bankruptcy, it is undisputed that Mr. Berleth was not appointed until *after* appellant filed its claims with the contracting officer and *after* appellant filed its appeals with the Board. Mr. Berleth was appointed as receiver on January 24, 2024. Appellant filed its initial claim with the contracting officer on June 18, 2015, and filed subsequent claims on June 29, 2015 and April 3, 2018. *Penna Group, LLC*, ASBCA No. 61640 *et al.*, 21-1 BCA ¶ 37,917 at 184,146-47. Appellant filed its appeals of those claims on June 8, 2018. *Id.* at 184,149. Therefore, even if a court were to conclude that Mr. Berleth had the authority to act on behalf of appellant during the settlement negotiations, he was not a party to the appeals.

*Texas District Court Retains Exclusive Jurisdiction*

Finally, the terms of the receivership order itself foreclose this Board from exercising jurisdiction over this matter. Paragraph G of the receivership order, (entitled Fraudulent Transfer, states that the 153rd Judicial District Court:

> shall maintain *exclusive* jurisdiction over any fraudulent
> transfer litigations brought by the Receiver or Plaintiff.
> The Court shall further maintain exclusive jurisdiction over
> any litigation pertaining to the ownership interests disputed
> during the Receiver's actions against a relevant third party.

(Order at 8 (emphasis added)).

Mr. Berleth's motion seeks to vacate the settlement between the government and Penna Group LLC on the grounds that Mr. Evangelista-Ysasaga deliberately concealed the fact that Penna Group was in receivership and that he had no authority to act on behalf of Penna Group LLC (mot. at 3-4). According to the Court's order, the Texas District Court retains exclusive jurisdiction to entertain such litigation.

*Whether the Receiver Has Assumed Appellant's Claims*

In certain circumstances, the Board's precedent permits the assignment of an appellant's contract claims to a bankruptcy receiver. For example, in *Certified Abatement Techs., Inc.*, ASBCA No. 39852, 99-1 BCA ¶ 30,389, we explained that the

4

Contract Disputes Act permits the transfer of claims relating to Government contracts incident to bankruptcy proceedings. We stated:

> For decades this Board has held, on the authority of United States Supreme Court and other federal court precedents, that transfers of claims under Government contracts made incident to bankruptcy - both from the debtor to the estate and from the estate to third parties – are transfers by operation of law and therefore outside the prohibitions of the Assignment of Claims Act, which bars only voluntary assignments.

*Id.* at 150,201 (citations omitted).

The situation here is different, because this is not a federal bankruptcy case, but a state debt collection matter. Moreover, the Texas court did not appoint Mr. Berleth as receiver until after appellant filed its appeals. Additionally, Mr. Berleth did not seek to intervene until after the parties had negotiated their settlement and the Board had dismissed the appeals with prejudice. Finally, neither the Board nor the government had notice of appellant's receivership until Mr. Berleth filed his motion on July 17, 2024.

## CONCLUSION

For these reasons, we deny the Receiver's Motion to Vacate Settlement and Reopen Appeal.

Dated: February 20, 2026

KENNETH D. WOODROW
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

I concur

OWEN WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 61708-ADR, 61641-ADR, 61642-ADR, Appeals of Penna Group, LLC, rendered in conformance with the Board's Charter.

Dated: February 20, 2026

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

6